UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRABHJOT SINGH,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT,<br><br>Respondent. | CASE NO. 2:26-cv-03571-JNW<br><br>ORDER |

Petitioner Prabhjot Singh is a citizen of India who has been detained at the Northwest Immigration and Customers Enforcement Processing Center ("NWIPC") in Tacoma, Washington since September 3, 2026. Dkt. No. 5 ¶ 2. Proceeding pro se, Singh petitioned for a writ of habeas corpus on September 21, 2026. Dkt. No. 5. The same day, he moved for a temporary restraining order (TRO) to immediately enjoin Respondents from removing him and from transferring him to another facility outside the state during the pendency of these proceedings. Dkt. No. 2.

Under Rule 65(b), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . specific facts in an affidavit or a verified complaint clearly show that immediate and

irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Singh argues he will suffer irreparable harm absent immediate injunctive relief because at "any time Respondent[s] can transfer [him] to [a] different facilit[y]" and once that occurs it will be "difficult or impossible for the court to provide effective habeas relief." Dkt. No. 2 at 2–3. The Court understands that removal proceedings can move quickly and unpredictably. Courts have recognized that transferring a habeas petitioner interferes with the orderly administration of pending litigation. *See, e.g.*, *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *7 (N.D. Cal. Aug. 21, 2025) ("Here, the Court finds that equities strongly favor Petitioner remaining in this District pending the resolution of this matter because this will expedite resolution of this matter[.]"). However, the Court's Scheduling Order already addresses these concerns. *See Aslan v. Wamsley*, No. 2:25-CV-02698-JNW, 2026 WL 84000, at *2 (W.D. Wash. Jan. 12, 2026).

On September 22, 2026, the Court entered a Scheduling Order directing Respondents to show cause why the writ should not be granted and file a return by October 6, 2026. Dkt. No. 7. The Scheduling Order requires Respondents to provide at least 7 days' notice before any action to move or transfer Singh from the Western District of Washington or to remove him from the United States. This notice requirement ensures that Singh will be able to seek emergency relief before any transfer or removal occurs. Given the expedited briefing schedule, the Court concludes that the Scheduling Order provides adequate interim protection against

the harms Singh identifies. If Respondents provide notice of an intent to transfer or remove Singh before the Court rules on his habeas petition, he may seek injunctive relief at that time.

Accordingly, Singh's motion for a temporary restraining order, Dkt. No. 2, is DENIED WITHOUT PREJUDICE.

Dated this 22nd day of August, 2026.

Jamal N. Whitehead
United States District Judge