UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRABHJOT SINGH,<br>Petitioner,<br>v.<br>BRUCE SCOTT,<br>Respondent. | CASE NO. 2:26-cv-03571-JNW<br>ORDER GRANTING IN PART PETITION FOR HABEAS CORPUS |

This matter comes before the Court on Petitioner Prabhjot Singh's petition for a writ of habeas corpus and request for injunctive relief. Dkt. No. 5. The Court GRANTS the petition IN PART and orders a constitutionally sufficient bond hearing.

## 1. BACKGROUND

Singh is a citizen of India who entered the United States without inspection on May 14, 2022. Dkt. Nos. 5 at 2; 11 ¶¶ 4–5. Around May 16, 2022, he encountered and was arrested by Border Patrol. Dkt. No. 12-1 at 3. The Department of Homeland Security (DHS) issued a Notice to Appear ("NTA"), charging him as a noncitizen "present in the United States who has not been admitted or paroled."

Dkt. No. 12-2 at 2. A day later, Border Patrol released Singh on his own recognizance and enrolled him in the Alternatives to Detention (ATD) program with electronic monitoring. Dkt. Nos. 12-3; 12-4. Singh applied for asylum and withholding of removal, but an immigration judge ("IJ") denied his application and ordered him removed to India on September 24, 2025. Dkt. Nos. 5 at 2; 11 ¶ 16. Respondent does not provide a copy of the IJ's order. Singh's appeal remains pending with the Board of Immigration Appeals (BIA). Dkt. Nos. 5 at 2; 11 ¶¶ 17, 25.

On August 25, 2025, Singh was reenrolled in ATD with GPS monitoring. Dkt. No. 11 ¶ 15. The parties disagree on the timeline of what happened next. Deportation Officer Kurtis Reed states that "[o]n September 30, 2025, [Singh's] GPS monitor was cut off in violation of the ATD requirements" and, nearly a year later, on September 3, 2026, the Canadian Border Services Agency denied Singh asylum "following [his] attempt . . . to enter Canada." Dkt. No. 11 ¶¶ 19, 22. Singh says that on September 2, 2026 "the GPS signal indicated that [his] ankle monitor had been discarded on the side of the road." Dkt. No. 5 at 2. The Court need not resolve this discrepancy. On either account, Singh's monitor was discarded, and he later tried to enter Canada.

On September 3, 2026, the Canadian Border Services Agency (CBSA) denied Singh entry and turned him over to U.S. Customs and Border Protection. Dkt. No. 11 ¶ 22. DHS transferred Singh to the Northwest ICE Processing Center ("NWICP") on September 3, 2026, where he remains in custody. Dkt. Nos. 5 at 2; 11 ¶ 23.

On September 22, 2026, Singh petitioned for a writ of habeas corpus, arguing that his detention violates due process and asking for release or a bond hearing. Dkt. No. 5. He also moves for appointment of counsel. Dkt. No. 6. The United States responded as an interested party on behalf of the federal officials responsible for Singh's detention (together, "the Government"). Dkt. No. 10 at 1 & n.2.

## 2. LEGAL STANDARD

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

In addition to habeas relief, federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). "Where habeas petitioners raise Due Process claims and have also

invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to them,' 'irrespective of the accompanying habeas petition.'" *Francisco Lorenzo v. Bondi*, No. 2:25-cv-02660-LK, 2026 WL 237501, at *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman*, 977 F.3d at 941–42).

## 3. DISCUSSION

### 3.1 Singh is not mandatorily detained.

The Parties dispute whether Singh is subject to discretionary or mandatory detention. Specifically, the Government argues that "[w]hatever [Singh's] status previously, when Canadian authorities returned [Singh] from Canada to the United States and he was taken into DHS custody at the border," he was an applicant for admission under 8 U.S.C. § 1225(a)(1) subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 10 at 6.

Section 1225(b) applies to noncitizens who are "applicants for admission," and subjects those who are "seeking admission," but "not clearly and beyond a doubt entitled to be admitted," to mandatory detention pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A). The Ninth Circuit recently held that § 1225(b)(2)(A) applies to noncitizens "entering the United States at the border," while § 1226 governs "inadmissible and deportable aliens present in the interior." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026). The Government contends that Singh falls on the border side of that line because he was taken into custody at the border.

In determining which statute applies, the Court considers "the government's treatment of the petitioner seeking habeas relief" to be "[p]articularly relevant." *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). "[W]here a petitioner has been 'treated by Respondents as subject to discretionary detention under section 1226, rather than mandatory detention under section 1225," the former is more likely to apply. *Id.* (quoting *Romero v. Hyde*, 795 F. Supp. 3d 271, 281 (D. Mass. 2025)). *See also Singh v. Noem,* No. 2:26-CV-00766-TLF, 2026 WL 1045507, at *7 (W.D. Wash. Apr. 17, 2026).

Here, DHS's own treatment of Singh points to § 1226. On the day Singh was returned from Canada, DHS issued a notice stating that it would detain him under section 236 of the INA—that is, § 1226. Dkt. No. 5 at 2. The Government does not dispute this. And absent from the record is evidence that Singh was processed as an "arriving alien" when he was taken into custody on September 3, 2026. The Form I-213 states "Singh will be processed as Bag and Baggage and will be referred to [ICE Enforcement and Removal Operations] for detention." Dkt. No. 12-6 at 3. DHS did not issue a new NTA. The only operative NTA is the one issued in 2022, charging him as a noncitizen "present in the United States who has not been admitted or paroled" and removable under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. No. 12-2 at 2. *See Cotoc Yac De Yac v. Hermosillo*, No. 2:25-cv-02593-DGE TLF, 2026 WL 124334, at *3 (W.D. Wash. Jan. 16, 2026) (relying on identical NTA language as evidence noncitizen was not "seeking admission"); *Garcia Gabriel v.*

*Hermosillo*, No. 2:25-CV-02594-DGE-GJL, 2026 WL 194233 at * 3 (W.D. Wash. Jan. 26, 2026) (finding same).

On this record, the Court finds that Singh is detained under § 1226 and is not subject to mandatory detention.

### 3.2 The *Mathews* factors favor Singh

To determine what process the Government must provide before depriving a person of a constitutionally protected interest, courts apply the test set out in *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). They weigh the private interest at stake, the risk of erroneous deprivation through existing procedures, and the Government's interest. *Id.* All three *Mathews* factors favor Singh.

First, Singh has a strong liberty interest in not being detained. An individual's "interest in not being detained is 'the most elemental of liberty interests.'" *Osuna Benitez v. Hermosillo*, No. 2:25-CV-02535-BAT, 2025 WL 3763932, at *3 (W.D. Wash. Dec. 30, 2025) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)); *Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). The Government concedes the first *Mathews* factor favors Singh. Dkt. No. 10 at 6.

For the second *Mathews* factor, the Government argues Singh was entitled to no process because he is subject to mandatory detention. The Court has already rejected that premise. The Government further argues that "it would have been plainly impractical to release [Singh] after he was returned to DHS custody . . . and

expect him to appear for a pre-deprivation hearing" given he "cut off his GPS ankle monitor and fled to Canada." Dkt. No. 10 at 7. Courts recognize "that there may be situations that urgently require arrest, in which a prompt-deprivation hearing is appropriate." *Safi v. Noem*, No. 2:26-CV-00308-TLF, 2026 WL 445564, at *4 (W.D. Wash. Feb. 17, 2026) (citing *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025) (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable). Under the circumstances of Singh's detention, the Court finds a prompt post-deprivation hearing is sufficient.

As for the third *Mathews* factor, the Court finds that the Government's interest in Petitioners' re-detention without a hearing is minimal, as it has previously concluded in similar circumstances. *Espinoza Palacios v. Hermosillo*, No. 2:26-cv-491-JNW, 2026 WL 686138, at *8 (W.D. Wash. Mar. 11, 2026) (citing *Ledesma Gonzalez v. Bostock*, 808 F. Supp. 3d 1189, 1203 (W.D. Wash. 2025)). The Government argues only that its interest in detention without a pre-deprivation hearing is strong, but it does not argue that it has any interest in keeping Singh in custody without a bond hearing.

Weighing the *Mathews* factors, the Court finds that Singh has a protected liberty interest in his continued release, and that due process requires a prompt post-deprivation bond hearing before an immigration judge. The Court does not decide whether Singh is a flight risk or a danger to the community. That question is for the IJ, who may consider Singh's conduct while on ATD. And because the Court

grants relief on this ground, it does not reach Singh's argument that his detention has become unreasonably prolonged.

### 3.3 The Court denies Singh's request for injunctive relief.

Because the Court finds a post-detention bond hearing sufficient to protect Singh's due process rights, the Court does not order Respondent to release Singh or provide a pre-deprivation hearing.

Beyond release, Singh asks the Court enjoin the Government from re-detaining him without a hearing before a neutral decision maker where the Government bears the burden of establishing flight risk or danger to the community by clear and convincing evidence based on changed circumstances. Dkt. No. 5 at 4. Because the Court finds a post-detention bond hearing sufficient to protect Singh's due process rights, the Court does not order the Government to release Singh. And because the Court's ruling rests on the circumstances of this detention—including its finding that those circumstances excused a pre-deprivation hearing—the Court declines to enjoin any future re-detention.

Lastly, because this order resolves his petition, Singh's motion for appointed counsel is denied as moot. Dkt. No. 6.

## 4. CONCLUSION

Accordingly, the Court ORDERS:

1. The Petition for a Writ of Habeas Corpus is GRANTED in part. Dkt. No. 5.

2. Within FOURTEEN (14) days of this order, the Government must provide Singh a bond hearing before an immigration judge, at which the Government bears the burden of justifying his continued detention by clear and convincing evidence. If the hearing is not held within fourteen days, Respondent and the Government MUST release Singh under appropriate conditions of supervision.
3. All other requested relief is DENIED WITHOUT PREJUDICE as stated in this order.
4. Singh's motion for appointed counsel is DENIED as moot. Dkt. No. 6.
5. Respondent must file a status report no later than November 19, 2026, to confirm that Singh was provided the bond hearing as described in this order.

Dated this 6th day of November, 2026.

Jamal N. Whitehead
United States District Judge